AUGUSTUS HILL, RESPONDENT, *v.* THE HIBERNIA INSUR-
ANCE COMPANY OF OHIO, APPELLANTS.

*Policy of insurance — meaning of words "standing detached" in — evidence as to their meaning among insurance men, inadmissible.*

Defendant issued a policy of insurance upon plaintiff's " two-story frame dwelling, composition roof, standing detached on the west side of Bennett avenue." The house stood about seven feet from another house. In an action to recover for a loss sustained under the policy, the defendant offered to prove that the words "standing detached" meant, "amongst insurance men generally," that the house was at least twenty-five feet from external exposure.

*Held,* that the evidence was properly rejected; (1) because there was no ambiguity in the meaning of the words ; (2) because there was no offer to prove that the particular meaning sought to be given to these words was known to the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover the amount of a policy of insurance issued by the defendant upon a house belonging to the plaintiff, which had been burned.

*Wm. Sullivan,* for the appellant. The terms " standing detached," when applied to a building insured, having acquired in the insurance

business a peculiar and technical meaning, different from their ordinary meaning, should be construed according to their sense in the insurance business. (Greenl. on Ev. [12th ed.], §§ 278, 280, 292, 295 *a ;* 2 Starkie on Ev. [5th Am. ed.], § 565 ; *Hutchison* v. *Bowker,* 5 M. & W., 535 ; *Boorman* v. *Jenkins,* 12 Wend., 573 ; *Dickenson* v. *Water Comrs. of Poughkeepsie,* 2 Hun, 615 ; *Robertson* v. *French,* 4 East, 135 ; *Coit* v. *Com. Ins. Co.,* 7 Johns., 385 ; *Goodyear* v. *Ogden,* 4 Hill, 104 ; *Dawson* v. *Kettle,* id., 106 ; *Dalton* v. *Daniels,* 2 Hilt., 472 ; *Walls* v. *Bailey,* 49 N. Y., 464 ; *Miller* v. *Stevens,* 1 Am. R., 139 ; *Sweet* v. *Shumway,* 3 id., 471 ; 5 id., 241, note ; 6 id., 678, note ; *Brown* v. *Byrne,* 77 Eng. Com. L., 702 ; 1 Smith's Lead. Cases, by Hare & Wallace [6th Am. ed.], 828, *et seq. ; Hutchison* v. *Tatham,* 6 Eng. R., by Moak, 232 ; *Appleman* v. *Fisher,* 34 Md., 540 ; *Whiting.* v. *Boardman,* 118 Mass., 242 ; *Wadley* v. *Davis,* 63 Barb., 500 ; United States Dig., tit. " Usage ;" *Goodrich* v. *Stevens,* 5 Lans., 230 ; *Standard Oil Co.* v. *Triumph Ins. Co.,* Ct. App., 1 Law and Equity, 512 ; Theory and Practice of Underwriting, by Rogers, p. 13 ; *Alexander* v. *Germania Ins. Co.,* Ct. App., 5 Ins. Law Jour., 360, May number.) The evidence excluded is material to the issue. If " *standing detached* " means at least twenty-five feet from external exposure, there is a breach of warranty and a material misrepresentation which relieve the defendant from all liability under the policy. (Flanders on Fire Ins., 204, 205, 208, 255 ; Bliss on Life Ins., 53, 54, 56, §§ 34, 37, 38 ; May on Ins., 160, 161 ; *McLoon* v. *Mutual Ins. Co.,* 100 Mass., 472 ; 1 Am. R., 129 ; *Ashworth* v. *Builders' Mutual Fire Ins. Co.,* 3 Ins. Law Jour., 489 ; *DeHahn* v. *Hartley,* 1 Term R., 385 ; *Fowler* v. *Ætna Fire Ins. Co.,* 6 Cow., 673 ; *French* v. *Chenango Mutual Ins. Co.,* 7 Hill, 122 ; *Jennings* v. *Same,* 2 Denio, 75 ; *Burritt* v. *Saratoga Mutual Ins. Co.,* 5 Hill, 188 ; *Mead* v. *Northwestern Ins. Co.,* 7 N. Y., 530 ; *Ripley* v. *Ætna Ins. Co.,* 30 id., 136 ; *Pierce* v. *Empire Ins. Co.,* 62 Barb., 636 ; *Cushman* v. *U. S. Life Ins. Co.,* 4 Hun, 784 ; *Chase* v. *Hamilton,* 20 N. Y., 52 ; *Benedict* v. *Ocean Ins. Co.,* 31 id., 394 ; *Brice* v. *Lorillard Fire Ins. Co.,* 55 id., 240 ; *Chaffe* v. *Cattaraugus Co. Mutual Ins. Co.,* 18 id., 376 ; 3 Kent's Com. [12th ed.], 376 ; 1 Parson's on Con. [5th ed.], 433 ; Clark on Ins., 121 ; *Burritt* v. *Saratoga Ins. Co.,* 5 Hill, 188 ; *Chase* v. *Hamilton,* 20 N. Y., 52 ; *Cazenove* v. *British Assur-*

*ance Association,* 6 C. B. [N. S.], 437; *Anderson* v. *Fitzgerald,* 4 House of Lords Cases, 484.)

*Daniel T. Walden,* for the respondent. The language of the policy was plain; the words "standing detached" were not ambiguous, and therefore did not need any construction. Where a clause in a policy is clear in itself it ought to be understood literally. (Marshall on Ins., 212; *Reynolds* v. *Com. F. Ins. Co.,* 47 N. Y., 605; *Rann* v. *The Home Ins. Co.,* 59 id., 387; *White* v. *Hudson R. Ins. Co.,* 15 How. Pr., 288, per CADY, J.; *Mut. Ins. Co.* v. *Hone,* 2 N. Y., 243, 244.)

BARNARD, P. J.:

The defendant issued to the plaintiff a policy of insurance on the 5th of January, 1874, to expire in one year. The subject of the insurance was "the two story frame dwelling, composition roof, standing detached on the west side of Bennett avenue, about 125 feet north of Duryea avenue, east New York, Long Island."

The house was entirely destroyed on the 17th of June, 1874. At the time of the insurance this house was unoccupied, and so continued until the fire. The house stood about seven feet from another house. Upon the trial the defendant offered to show that the words "standing detached" in a policy meant, "amongst insurance men generally," that the subject of the insurance should be at least twenty-five feet from external exposure. This offer was rejected, and the plaintiff had a verdict. The defendant makes two principal objections to the recovery:

First. That the word "dwelling" in the policy imports a warranty that the building was then occupied as a dwelling, and being broken, the policy was void.

Second. That it was error to exclude the evidence as to the special meaning of the words "standing detached."

The first objection under the evidence seems untenable, and hardly consistent with good faith. There was an application in writing for the policy. This application is in the defendant's possession, and is not produced. Plaintiff's agent, Bond, testifies that defendant's agent, Carroll, wrote down the application, and that he, Bond, told him that it, the house, was then unoccupied. If the policy had

mentioned this paper, it would have been a part of the policy by its express terms. As it is, if the policy is made out different from the application, the policy should conform to it. Carroll, defendant's agent, does not deny that there was a written application, but says that Bond left it — importing that Bond drew it. No matter who drew it, the evidence is conclusive, that the written paper contains a statement that the house was unoccupied. Bond says Carroll drew it from what he stated, and that the fact of the house being unoccupied was a part of it. Carroll says, I don't remember Bond telling me so, but " he left a written memorandum of what he wanted." In filling out the policy, Carroll was defendant's agent, and his error in filling out the policy should not destroy the policy. (*Rowley* v. *The Empire Insurance Company*, 36 N. Y., 550.)

As to the second objection taken by defendants, there are two reasons why it should not prevail.

First. There is no ambiguity in the words " standing detached."

Second. There is no offer to prove that the particular meaning claimed for the words was known to the assured. When the usuage is as to a particular trade or profession, a party to be bound by it " must be shown to have knowledge or notice of its existence." (*Walls* v. *Baily*, 49 N. Y., 464.)

I think the judgment should be affirmed, with costs.

GILBERT, J., concurred. DYKMAN, J., not sitting.

GILBERT, J. :

. The defense in this case seems to be entirely destitute of merit. The company received a verbal notice of the loss immediately after the fire, and nine days after the fire proofs of loss were served, which also contained a formal written notice of the loss. All these were received and retained without objection, and the company put its refusal to pay the loss upon other grounds than a non-compliance with the conditions of the policy in relation to these matters. Such conduct is a waiver of the strict performance of such conditions.

The building insured is described in the policy as a dwelling as and " *standing detached.*" This is the language of the insurer. No survey or statement, showing whether the building was occupied or

not, or the distance between it and adjacent buildings was required of the assured or furnished by him. The insurance was effected through a broker, who had been engaged in that business twenty years. He testified that he informed the insurer before he effected the insurance that the building was vacant, and that he was willing to pay an extra premium on that account.

We think that the use of the word "dwelling" does not imply that the building is occupied, but if it does, the use of it by the insurer alone does not create a warranty by the assured. The question whether the fact that the building was vacant, was fraudulently suppressed by the assured, was fairly submitted to the jury, and their conclusion upon it is fully supported by the evidence. The defendants having knowingly insured a vacant building, the condition, that if the building should afterwards become vacant, or unoccupied, without their assent indorsed on the policy, affords them no shield. That condition by its terms applies only to an insurance upon an occupied building, which is vacated after the insurance was effected.

The building did stand detached. It was seven feet from any other building. The attempt to show that the phrase "standing detached" meant that it was distant twenty-five feet, or thereabouts, from any other building, was properly rejected. The phrase is not in the slightest degree ambiguous, and extrinsic proof was not admissible to give it a meaning different from its plain import. A new contract cannot be made in that way. (*Reynolds* v. *Commerce Insurance Company*, 47 N. Y., 605.)

We have discovered no error in the rulings upon the trial, or in the charge to the jury.

The judgment must be affirmed.

BARNARD, P. J., concurred. DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.